and Zachary Sharon. They are San Antonio Police Department officers and they are the appellants in this court. The issues in this case are narrower than the one I think that we just heard, but essentially the district court made a number of legal errors when it determined whether or not there was an issue regarding the truth of one of the statements in some probable cause materials that Orta provided to a reviewing magistrate in order to get a warrant for a blood draw in a DWI case and in order to establish probable cause to hold Mr. Garcia over on charges. The statement that the district court keyed on was a statement that the officers, that Officer Sharon saw Mr. Garcia behind the wheel of a car that lunged forward and came to an abrupt stop a few feet later while the officers were present. The district court determined that that particular statement in the probable cause materials was contested and if it was contested, the court has to draw reasonable inferences in favor of the non-movement in this particular case and it did so and without that evidence, there was nothing in the district court's opinion that established when Mr. Garcia may have operated the vehicle while he was under the influence of alcohol. So the distinction in this case and the reason why the court erred in this case is that there was a video recording and an audio recording of everything that happened between the officers and Mr. Garcia and I provided the court a demonstrative that essentially shows what happens when you look at the instruction I gave in footnote 2 of our brief about how to view that video because in the video, you never see the car actually move and the reason why is because the car moves while Officer Sharon is walking in front of his car between the view from the camera from his car and Mr. Garcia's car but you can tell that in that short amount of time, there was a physical displacement of Mr. Garcia's car with him behind the wheel. It moved, it moved forward and then it came to an abrupt stop and it all happened in the time that it took the officer to walk between the camera and the view of the vehicle. The car moved. There's no question about it. Did the car move several feet? Did the car move six inches? That is debatable. There was no ruler on the ground. There was no way to measure from the video recording how far the car moved but clearly, the car moved, so... And that was not waived, right? Pardon me? The issue of whether the car moved was not waived. Oh no, that was the entire basis. That was a huge factor in... So it doesn't matter about the other things? Correct. Correct, Your Honor. So, the error here is that the court erred when measuring the scope of what was material and what wasn't material. Because there was objective, verifiable video evidence, then Scott v. Harris required the court to credit the video even over the contesting testimony that Mr. Garcia submitted in response to the motion for summary judgment. So, the contested... Mr. Garcia could not contest that the car moved because it was on video, but he could contest how far the car moved because there was no measurement taken. Let me ask, was there any testimony or anything to create a dispute to unwind the material fact? If the car moved, I think it's accepted he was at the wheel at the time, no one else in the car. It is contested whether the car was on or not at that time, or is it acknowledged that the car was running? I believe that's contested. That it's conceded that the motor was on, is that what you're saying? Or not conceded? No, I'm saying the opposite. I thought it was disputed whether the automobile motor was running. Is there any other explanation for the car moving no matter what distance, other than your client at the wheel did something to cause it, in Texas' very liberal interpretation of operating, to operate the car? What other answer was offered as a possible explanation for that slight movement? There was no evidence offered as to why the car may have moved, but in response there was an argument made that it could have been, for instance, when you put a car in park and you take your foot off the brake and it bounces against the automatic transmission pole, it could have been on a slope. I mean, these things were all argued, but the fact remains that Mr. Garcia was behind the wheel, and as you know, under Texas law, even applying the brake to prevent the car from moving is an operation of a vehicle for purposes of the DWI statute. So when you strip away the part of the statement, the contested statement, launched forward, came to an abrupt stop a few feet later, when you strip away the contested part of that, the a few feet later, you still have the uncontrovertible video proof that the statement that was, the rest of the statement that was in the probable cause materials, that's the part that the court has to use for the Franks and Winfrey test, was that the car moved while Mr. Garcia was behind the wheel. So I think that the court made a significant legal error when it struck the entire statement rather than just the portion of the statement that the court was able to recognize as being controversial. Is that case law in Texas, it seems to me if it's disputed whether the motor was on, it's not disputed who was behind the wheel, is it clear that the brake lights wouldn't come on without the car being turned on? If that is not clear, are you telling me that under Texas law, it's operating a vehicle when it's off just to put your foot on the brake? Yes, Your Honor. Even when the car is off, you say there's case law to support that. Case law says even when the key is not in the ignition, when the person is able to control the car and does something to control the car, putting the foot on the brake, then the car has been operated for purposes of the DWI statute. So I think that that issue is dispositive. There are other issues. I think that the district court also erred in applying qualified immunity. Even if you assume that the statement, the entire statement should have been stricken and was false and that it actually violated Mr. Garcia's civil rights to include it in the probable cause materials, the law at that time was not so clearly established that no reasonable officer could have perceived, based on the totality of the circumstances, which we know because they were recorded both audio and visually, and included that statement in the materials that were presented to the magistrate. Although the video was not presented to the magistrate, I think the video is important in determining what a reasonable officer could have concluded based on what was going on that evening and what he could have concluded that would lead him to include that statement in the magistrate materials. I believe that the district court clearly erred when he measured the materiality of that statement based on the standard for conviction as opposed to the standard for probable cause. So even if you took that statement out of the magistrate's materials, you still had information in front of the magistrate that Mr. Garcia smelled of intoxicants. He was asleep behind the wheel. He had admitted to driving the vehicle from his sister's house in the suburbs of San Antonio to a more central location, a distance that is not a negligible distance. He admitted that he napped or said that he didn't nap, but he said that he had only napped just long enough for his car to cool down. He admitted that his speech was slurred. He had red glassy eyes. He was the only person in the car. There was no one else even in the area, and he was nervous when he was asked about what he had been drinking. He gave contradictory statements about, well, about everything, but including about when he had been drinking, what he drank, and why he pulled over. Recall, though, that if the court had used the probable cause standard for measuring the propriety of the statement, then it doesn't really matter when the person—I guess it's bounded by the boundaries of reason. It doesn't really matter so much when the person was driving the car, but there was still probable cause to believe that he had operated it under the influence even without the statement that the district court struck for all of these other reasons. He refused nystagmus. He refused the field sobriety test. But that's not dispositive of the issue as to whether or not he operated the vehicle under the influence. Regardless whether they were not able to show that Mr. Garcia moved the car in the presence of Officer Sharon, they would still be able to play the videotape of Mr. Garcia admitting that he pulled over because he was tired and he wasn't there that long and he actually hadn't fallen asleep. So that's a good demonstration as to why the proper test for the court to have applied was probable cause, which, as the court is aware, is a totality that circumstances type of a test where a reasonable person has enough information to believe that an individual committed an offense. You spoke earlier about your view that a person watching the video would know for a certainty that the car moved some distance. I'm asking you for your personal evaluation of watching that video. How far do you think it moved? Or if we were to watch it with that in mind, how far would we conclude? How many inches or feet or whatever it was do you think it moved? When I look at that video, that car looks like it moved about a foot to a foot and a half. And last, I think that the mental state element of the actual Fourth Amendment cause of action that we're dealing with here feathers in nicely with the probable cause standard, each of which, if applied properly, would have caused the district court to grant a summary judgment in Mr. Orta and Mr. Sharon's favor. And the reason why is that in order for them to have violated the clearly established law, well, in 2014, Winfrey hadn't even come out. Manuals v. City of Joliet hadn't come out. And the Fifth Circuit was, I would say, ambivalent as to whether or not there was a federal cause of action for malicious prosecution. But nonetheless, both the mental state requirement and probable cause would allow these officers to have drawn reasonable conclusions based on what they saw, provided that they didn't knowingly or intentionally or recklessly disregard the verifiable truth when they made the statement. And in fact, with respect to probable cause, the law of this circuit says that you get to draw inferences and you even get to get it wrong and you're protected on that, provided that the inferences that you drew were reasonable. And based on the information that was in front of them at the time, the recorded information, it was clear that the inferences that Orta and Sharon drew were reasonable. Thank you. You've saved time for rebuttal, Mr. Fitzpatrick. Thank you. Mr. James? Thank you, and may it please the Court. My name is David James. I'm here on behalf of Roberto Garcia, the FLE. Mr. Garcia spent 500 days in jail based on an affidavit packet sent to a criminal court that was incorrect. And the district court found there was a genuine dispute of material fact, whether those mistakes in the affidavit were material and whether they were in reckless disregard of the truth. So the district court's perspective is that this case is ready to go to trial after about five and a half years since it was filed in 2016. So this court should affirm or deny for lack of jurisdiction as to the qualified immunity issues. Since we started with the video, I do want to address the fact that, I mean, I think that my opposing counsel thinks that it's debatable how far the car moved, whether it's six inches or one and a half feet. So I don't think that you can see it move from this blurry video. It's very dark. But let's take the officer's argument for a second. Their argument is, it moved, he's sitting in the driver's seat. Okay, but they put in their affidavit that the driver attempted to pull the vehicle forward, the vehicle lunged forward, then abruptly came to a stop a few feet later. The vehicle was on during all of this. So that is very different than if you take a magnifying glass to this video and watch it several times, you will see some movement in the pixels. And that difference is material because this is a very old beat-up car that was impounded and lost while Garcia was in jail. And there's officers, there's two officers on there hitting the window, pushing the car around. We don't know why it moved. Garcia denies causing it to move. And so there's a big difference between the officers exaggerating a small movement of six inches and lunging or the driver attempting to pull the vehicle forward right in front of the officer and the car being on. I don't see where you necessarily responded. I was checking the brief again and I may have missed it. But Pellin argues in the brief, opening brief, just how little Texas law requires for operation. The car doesn't have to be on, he doesn't have to be in it. He may have overstated the case law just a bit. I don't know if you have a case that says when the car is off, putting your foot on the brake is operation. Maybe there is one, but his parentheticals didn't show that in his brief. What do you say is the minimum for operation in Texas and why doesn't the movement of this car fit that? He was at the driver's seat, the brake lights at least came on, it moved a little bit. Why isn't under Texas' fairly aggressive definition of driving under the influence, why isn't that operation? That's a great question, Judge Southwick. So I think that if he stopped it with the brakes, then that would be operating, I believe. I don't know whether you can tell if he's stopping it with the brakes or if the brakes are coming on irrelevant to the movement. The video does show the brake lights coming on during the process of the moving. Yeah, so if he stops it, like for example if an officer pushed it and he brakes it and stops it, then I think that it's probably operating. But the question in this case is slightly different because we're not in a false arrest case. The false arrest claim was dismissed. This is only the wrongful institution of legal process. So the only question is, is this affidavit going to form probable cause? We can't import the brake lights into the affidavit because they're not there. And the officers chose to, instead of describing what actually happened, describe an attempt to pull the vehicle forward, to lunge forward. So that's different than, I saw the brake lights come on, I think I saw the car move, and he was the only one in the car. Then it would be a closer question for the Texas court to decide, do I have probable cause? And maybe the answer is yes. But they didn't even give the court the opportunity, they exaggerated it. This is very similar to like the Rogers against Lee County case, where they tell the judge on the phone, oh yeah, it's an adjoining property, 320A, it's adjoining. And then come to trial and actually, you know, there's underbrush, it's 200 yards away, they have exaggerated. Now maybe the judge would have agreed with them if they had been up front, but they weren't. And so in Rogers, that was a constitutional violation. Same story in this case. Because the facts they gave the judge are wrong, they don't get to play second guess and say, well, totality of the circumstances, we still had probable cause. That's not how this works. The reason for the warrant requirement would be undermined if you could just fill it in, backfill it later, because they made it simpler for the judge by changing the facts. I wish I could do that sometimes, but that's not how the law works. You're supposed to provide the facts you actually have, not a more rose-tinted or police-tinted version of those facts. And so that, I mean, that should decide this case, because the video, even according to the officer's interpretation, which I don't, I mean, it needs to blatantly contradict what Plaintiff says. Here, we're looking at it with an expert video witness who's going frame by frame and taking, you know, printing out screenshots for the court to review. That is not Scott against Harris. You know, that is not, you know, that's not even, we have cited some excessive force cases. I mean, there's plenty of them out there. Even the Ramirez against Martinez case, which I think the officers inadvertently cited, is an excessive force case. It was on video, but there was still a dispute of fact. The standard applies to your claim. Don't any errors, if there's a dispute about the accuracy, have to be material to the causing and the instituting of the criminal process? And isn't what your friend on the other side has been arguing and what we've discussed with you really getting to whether these slight differences, six inches, two feet, feet on the break, or something else, aren't those immaterial to finding probable cause? So I think that there are several… Do you at least agree that we need to decide whether these differences are material? So I agree that materiality is definitely an element of the constitutional violation, Your Honor. So on that issue, as I pointed out in the briefing, that wasn't addressed for the district court. But for the materiality of the constitutional violation section, the question is, if we take out what they misstated, is there still probable cause in the remaining document? And our answer is no. My opposing counsel listed off some facts for the court, but none of those are found in the affidavit, or at least not enough of them to give any idea that he was operating the vehicle while he was intoxicated. The timeline of when he was driving is nowhere mentioned in the affidavit, and the officers admitted they didn't have that information. They didn't know how long he'd been asleep. They knew he was asleep. So whether he said he was or wasn't, they got there and saw him asleep. So that's not really pertinent to the materiality element. I think that the question is, you know, this is the only operating in their affidavit. Did the evidence show that the brake lights were on at any time, no matter how short the time? Yes, Your Honor. The brake lights did turn on. Well, is there any way to turn these brake lights on other than by putting a foot on the brake? I doubt it, Your Honor. I don't know that to be 100% certain. I assume— So that takes an affirmative act of the driver or the one sitting in the driver's seat to move a foot to touch the brake pedal. I think that's correct, Your Honor, barring some defects in the vehicle. But, like, we're not disputing the brake lights come on in the video and that at the time Garcia is the only one— What are you disputing? But the dispute is, right, because that brake light fact was not provided to the criminal court, it can't form the basis for the legal process. The only fact they gave the criminal court was, you know, they exaggerated. They said, we saw the car lunge forward. We saw it abruptly come to a stop. We saw the driver attempt to pull the vehicle forward. They don't say the brake lights turned on. They say those things. So they don't have the brake light fact. They can't incorporate it back in. That's how, you know, Whitley and Winfrey, they all say that is how you have to do this analysis for the wrongful institution of legal process. Because otherwise you would get, you know, the cop would come in and explain, it was in the library with the chandelier, but then it turns out it was, you know, in the study with the gun, and it's a totally different crime. He doesn't have the real facts to evaluate probable cause. So here the officers might have been able to fix this by describing braking. I think it's, you know, if they didn't actually stop the car, if the car wasn't— I think it's a closer question whether that's operating. But they didn't. They didn't risk it. They just said a different thing. They said the vehicle lunged forward. So that's the wrongful institution of legal process. The other part, I think, to your question, Judge Southwick, is it material— I heard part of your question was the standard for the officer. And that, I think, goes to the mental state issue that's brought up in the brief for the first time, which was also not addressed below, but it still has to be reasonable. And if we're talking about reckless disregard, it's what's in their head at the time that they are writing this down and giving it to a judge. And I think that, you know, when Sharon admits in his deposition, when Officer Sharon admits in his deposition, it could have been as few as six inches. The jury has to ask, why did you write a few feet later if you were so uncertain? And our position is the reason is he wanted to make it an easier affidavit. He wanted to make it sound as bad as possible so that they would get this blood draw, so they could get this arrest and detention, you know, booked without any issues with the affidavit. Let me read you a statement, and you tell me whether it is in this record or not. And that is, quote, the video evidence here presents undisputed evidence that the car moved forward with the tail lights on and the brake lights engaging. Is that in the evidence here? Are you saying is that fact presented by this record? Yes. No, I don't think that it's undisputed. The plaintiff disputes that the car moved at all. Now, there is some evidence from this video expert and a way to interpret these pixels that show it moved some, but I don't think that that's undisputed that it moved. But returning to my original point is that that level of movement is not what they told the court. It's not what they told the criminal court. And so because they exaggerated the facts, those facts need to be excised from the affidavit, and the court needs to look at it without those misleading facts. And without those misleading facts, you don't have any brake lights because they didn't say anything about brake lights. You just have we found a car and this guy was drunk in it, and that's not driving while intoxicated. The other issue I think that bears the court's attention would be the public place element that we discussed in the briefing. The other reason for these affidavits to have actual facts is so that the court has the facts to evaluate. So if they had just said we have probable cause to believe that this person was operating a motor vehicle while intoxicated in a public place, that might have been, you know, that may or may not have been true, but it wouldn't have been sufficient because it's just a conclusory affidavit. And the same is true if the only thing they said about public place is it's a public place. So I think that an alternative ground to affirm the district court's order is this public place element because all they said is the location the offense occurred at is the 2000 block of Zarzamora Street, and it's a public place. So when you read that, you think that they are on the road or on the shoulder of Zarzamora Street, but he's not on the road or on the shoulder of Zarzamora Street. He's on a driveway whose address is somewhere on Zarzamora Street. So what they're basically doing is giving the judge no information about where this is happening, but doing so in a way that makes it sound like they are because they're saying 2000 block of Zarzamora Street, so he must be on the street. And Sharon actually admitted in his deposition that that's a reasonable way to read their reports is that they're talking about the street,  they were meaning to talk about a specific driveway off the street, and they had a long discussion with Garcia on the road in front of the police cars. Is this a public place? And they had some arguments, and he had some arguments, and instead of presenting the actual location to the court to decide if they had probable cause to think that was a public place, they just said 2000 block of Zarzamora Street. So they presented a misleading affidavit in that respect as well, and so that's an independent violation of the Fourth Amendment, and it was also a wrongful institution of process. I did want to address a little bit of the arguments in the reply regarding waiver. The qualified immunity defense is not just a license to sort of throw the kitchen sink at appeal when you didn't make any of those arguments in the lower court. I think that the Hernandez against Horne case, the Ling against Banda case, and the Bryant against Texas Department of Aging and Disability Services case, which were all cited in our brief, those are all regarding immunity defenses. Hernandez and Bryant are a qualified immunity. Ling, it does have a qualified immunity, but the waiver regarded official immunity, which is kind of the Texas equivalent. But in all of those cases, there's some alleged flaw in the underlying offense, in the underlying violation that is tried to argue on appeal, and the Fifth Circuit says that's waived because all you asserted below was immunity. In this case, they asserted immunity and they said our affidavits are true. That was their argument. On appeal, they're arguing about materiality. They're arguing about clearly established law. I heard something about an argument about Winfrey being decided too recently. Those are all new arguments that should have been raised below. You know, I think that we addressed most of them in our briefing now, but the district court didn't have an opportunity to address those arguments. And so for that reason, I think that the court should, you know, affirm the district court on those issues that were not before it under the waiver. Let me ask you just a bit about that. I know that's in your briefing. I looked at the motion for summary judgment. I'm not even sure I—it's half a page that is in the motion for summary judgment by the defendants on qualified immunity. And it's a little bit more than textbook law over application of the facts. But then your reply, I think, to summary judgment gets into it in some detail and the district judge's opinion gets into it in considerably more detail than the defendants do in their motion. Doesn't that change the calculus? And it was—you can try things by consent and I think you can decide things in summary judgment by the judge and the opposing party expanding on it much more than the defendant did. Do you think factually I'm correct? Did you and the district judge get into and fill in a lot of the blanks that the defendants did not assert in their motion? Well, the part of the reply that I do agree with is that the plaintiff has the burden to present every element. So regardless of what they argued, it was our burden in our summary judgment response to present every element. And so we did that. It's not quite like a trial where one of our elements was consented to but was uncontested and then we decided to try it anyway. We went through every element of our legal institution of process claim and the district court evaluated that. I couldn't find a case where a sua sponte decision in a motion order or a magistrate's consideration of an issue was somehow sufficient to overcome preservation of error but that's difficult to research because often the court won't mention preservation of error without finding that it was waived. But I didn't find that. It would seem to me that when the court has described the law, it is requiring the appellant to make the argument, not just let the district court figure it out, which I think is what happened in this case. But yes, Your Honor, I agree that there's not a specific, you know, it was discussed. Anyway, and for those reasons and the reasons I said in my brief, I would ask that the district court's order be affirmed except to the extent that the court is lacking in jurisdiction, in which case it should be, the appeal should be dismissed. Thank you. Thank you, Mr. James. Mr. Fitzpatrick? Marabella? Excuse me, Your Honor. So Officer Sharon and Orta didn't waive anything in the trial court. The initial presentation may have been brief but it was clear that the officers put Mr. Garcia on his burden to establish a genuine issue on each of the elements of the wrongful initiation of legal process claim. There was no evidence presented as to the knowing intentionally or with reckless disregard to the truth element of that Fourth Amendment claim. Nonetheless, the officers did present evidence that negated the knowing intentionally or reckless disregard element. So I just want to, oh, and not only that, but when they saw the arguments that Mr. Garcia was making in support of his claims, if you look at the response that was submitted, the officers clearly went through and offered detailed briefing with links to the evidence before the court as to why that element was missing. With respect to the public place element that opposing counsel indicated was missing from or misstated in the probable cause materials. The bottom line is the truth was that Mr. Garcia was found in a public place. If the public could access it, it's a public place. I think last time I was here on this case, in my briefing I mentioned the Naylor v. State case, which is a Texas Court of Appeals case where a person was convicted of DWI for driving drunk in a public place when he was behind a paid security gate at a hotel on a hotel parking lot. Here Mr. Garcia was found just right off of the main thoroughfare on the apron of a driveway next to the street. He was truthfully and in fact in a public place. The second point is you've heard reference to a video expert dissecting a videotape. That's not necessary. You can look at that videotape and you can see the car move for yourself. And the argument of, well, you can barely see it, is seriously problematic because when you can barely see something, you can see it. And in that video, you can see the car moving while Mr. Garcia was at the helm. Getting back to the mental state, that was Mr. Garcia's burden to disprove. When the officers raised qualified immunity, Mr. Garcia had to put some kind of evidence before the court in order to negate that or to establish that element of his Fourth Amendment claim. Here he says, well, you can't import the brake lights into this analysis because it wasn't in the probable cause material. That's true. It wasn't in the probable cause material. Who would ever say the person got in the car, he took the key out of his pocket, he put the key in the ignition, he turned the key in the ignition, I heard the engine start. No one would write an affidavit like that. The officers are allowed to make reasonable conclusions based on what's in front of them. So even though you can't import brake lights into the probable cause material, what you can do is you can present evidence that the brake lights were on and the car moved and then the car stopped while Mr. Garcia was driving it. That is evidence that shows that the statement that the officers made that the car lunged forward and came to an abrupt halt not only was established by the evidence, but they had a good faith reason to draw that conclusion from what they saw in front of it. And then finally, with respect to the timeline, the arguments that are made with respect to when Mr. Garcia may or may not have been driving the car are great for a merits defense to avoid conviction, but they're not so relevant when it comes to probable cause when you do have evidence in the probable cause materials that Mr. Garcia admitted driving the car that day, the same car that he was found passed out in, at the side of the road when the officers were called. Your Honor, the officers are entitled to qualified immunity and they would ask that you reverse the decision of the district court and render judgment in their favor. Thank you, Mr. Fitzpatrick. Your case is under submission and the court will be in brief recess before hearing the final two cases.